# EXHIBIT A

10/31/12 @ 3:00 PM

SUM-100

*Amended*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITICORP CREDIT SERVICES, INC. (USA) and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Genovieve Reyna

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

NORTH COUNTY DIVISION

2012 OCT 26  AM 9:37

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

IMAGED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO NORTH COUNTY DIVISION
325 S Melrose Dr. Vista, CA 92081

CASE NUMBER:
*(Número del Caso):*
37-2012-00057004-CL-BT-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samuel Henderson, 2182 El Camino Real Suite 202 Oceanside, CA 92054; (760) 575-4594

DATE: OCT 26 2012                Clerk, by _L. Alvarez_, Deputy
*(Fecha)*                         *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Citicorp Credit Services, Inc
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 10/31/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Samuel Henderson (SBN: 279717)
   2182 El Camino Real, Suite 202
2  Oceanside, CA, 92054
   (760) 575-4594
3  (760) 688-3732
   henderson@hendersonconsumerlaw.com
4
5  Attorney for Plaintiff,
   Genovieve Reyna
6

FILED
NORTH COUNTY DIV.
2012 OCT 26 AM 9: 36
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

| | |
|---|---|
| GENOVIEVE REYNA, | Case No.: 37-2012-00057004-CL-BT-NC |
| Plaintiff, | LIMITED CIVIL CASE [IMAGED FILE] |
| vs. | |
| CITICORP CREDIT SERVICES, INC, (USA) and DOES 1 through 10, inclusive, | FIRST AMENDED COMPLAINT FOR; |
| Defendant(s). | • VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND, |
| | • VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT |
| | DEMAND OF LESS THAN $10,000 |

///
///
///
///
///
///
///
///

1

FIRST AMENDED COMPLAINT

Plaintiff Genovieve Reyna ("Plaintiff") alleges against Defendant CitiCorp Credit Services, Inc ("CitiCorp"), a Delaware Corporation, and DOES 1 through 10 (collectively, "Defendants") as follows:

1. Plaintiff is an individual consumer and is and, at all times mentioned in this Complaint, a resident of San Diego County, California.

2. Plaintiff is informed and believes that CitiCorp is a Delaware Corporation. CitiCorp's address is list with the California Secretary of State as PO Box 30509, Tampa FL, 33631.

3. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

4. At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-Defendants and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

5. At all relevant times, Plaintiff is informed and believes and, based thereon, alleges that Defendant in the ordinary course of business, regularly, on behalf of itself or others, engages in the business of collecting debts as defined by the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

6. This action has been commenced in the proper Court and Judicial District because Defendants engage in business here and Plaintiff resides here.

## BACKGROUND

2

FIRST AMENDED COMPLAINT

7. Plaintiff had a credit card account that was owned by Defendant's corporate owner, Citi Bank N.A. Upon information and belief, Defendant was the servicer of that account.

8. The money owed was for credit card purchases, and as such the debt was for a consumer credit transaction as defined by the RFDCPA.

9. On or around September 22, 2010, Plaintiff, via a telephone call, agreed to a very specific payment plan that authorized Defendants to withdraw specific amounts on specific dates. The discussion took place in Spanish, Plaintiff's native language. The amounts and dates were important to Plaintiff as to coincide with wage payments and to make sure she did not overdraw on her checking account. The telephone call was placed for the purpose of collecting a debt.

10. Defendants mailed Plaintiff, at some point on or after September 24, a letter that stated that Plaintiff had agreed to withdrawals from her checking account the amount of 251 dollars every 15th of the month. These withdrawals were to occur from November 2010 to September 2011. The letter, and all following letters, was in English, even though Plaintiff and Defendants had made an agreement in Spanish.

11. On or around October 3, 2010, Plaintiff became aware that Defendants was going remove amounts that Plaintiff did not agree to on dates that Plaintiff did not agree to. Plaintiff called Defendants to dispute the amounts and dates. Defendant's agent, DOE 2, who also spoke in Spanish, disagreed with Plaintiff and claimed that the amounts and dates were accurate. Plaintiff demanded access to the audio recordings of the previous conversion but Defendants refused to allow access.

12. Plaintiff, fearing that Defendants would not comply with the previously made agreement, nor comply with Plaintiff's revocation of authorizing the debiting of her checking account, removed most of her funds from the checking account on October 4, 2010.

13. At some point after Plaintiff revoked any authorization Defendants may have had to access her account, Defendants repeatedly called Plaintiff in order to try to set up a new payment plan. Defendants sometimes called before 8 a.m. or after 9 p.m. These conversations took place in Spanish.

14. On October 4 2010, CitiCorp attempted to debit her account for an amount of 200 dollars. This debit was labeled ACH Debit, and as such, upon information and belief, is a transaction subject to the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693.

15. Defendant, on or after October 5th, 2010, mailed Plaintiff another letter stating that they were going to debit Plaintiff's account via an electronic debit, labeled as ACH or EFT Debit. Defendants' letter claimed an authorization on 10/01/10. Plaintiff did not authorize this payment, or alternatively, revoked authorization.

16. Defendants' October 4, 2010 attempted withdrawal caused Plaintiff to be overdrawn and resulted in a 34 dollar fee to be charged against Plaintiff.

17. Defendants on or around October 18, attempted to withdraw 100 dollars from Plaintiff's account.

18. Defendants, on or after October 20, 2010, mailed Plaintiff another letter stating that they were going to debit Plaintiff's account via an electronic debit, labeled as ACH or EFT Debit. Defendants claim that Plaintiff verbally authorized the payment on October 15, 2010. Plaintiff did not authorize this payment, or alternatively, revoked authorization.

19. Defendants did two attempted withdrawals via an electronic fund transfer while the remaining attempted withdrawals were allegedly done via a draft deposit check. Upon information and belief, this mixing of payment methods was an attempt to circumvent consumer protections.

20. Defendants, on or after November 15, 2010, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 11/15/10 to the account referenced above."

21. Defendants, on or around November 19, 2010, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

22. Defendants, on or after December 15, 2010, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 12/15/10 to the account referenced above."

23. Defendants, on or around December 17, 2010, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

4

FIRST AMENDED COMPLAINT

24. Defendants, on or after January 18, 2010, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 1/15/11 to the account referenced above."

25. Defendants, on or around January 24, 2010, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

26. Defendants, on or after January 18, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 1/15/11 to the account referenced above."

27. Defendants, on or after February 15, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 2/15/11 to the account referenced above."

28. Defendants, on or around February 22, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

29. Defendants, on or after February 15, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 2/15/11 to the account referenced above."

30. Defendants, on or after March 15, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 3/15/11 to the account referenced above."

31. Defendants, on or around March 18, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

32. Defendants, on or after April 8, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 4/15/11 to the account referenced above."

33. Defendants, on or around April 19, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

34. Defendants, on or around May 17, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

35. Defendants, on or after June 14, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 6/15/11 to the account referenced above."

36. Defendants, on or around June 17, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

37. Defendants, on or after July 13, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 7/15/11 to the account referenced above."

38. Defendants, on or around July 19, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

39. Defendants, on or after August 13, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 8/15/11 to the account referenced above."

40. Defendants, on or around August 19, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

41. Defendants, on or after September 12, 2011, sent Plaintiff a letter stating "This letter is to confirm that you verbally authorized a payment arrangement to Citicorp Credit Services on 7/15/11 to the account referenced above."

42. Defendants, on or around September 16, 2011, attempted to withdraw 251 dollars from Plaintiff's checking account via an allegedly pre-authorized draft check.

## FIRST CAUSE OF ACTION:

### Violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* against All Defendants

43. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 42 above.

44. Defendants have violated the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") section 1788.17 by violating the FDCPA, which is incorporated by reference into the RFDCPA. Defendant's violations include, but are not limited to, the following:

6

FIRST AMENDED COMPLAINT

a. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person when they attempted, on multiple occasions, to remove unauthorized funds from Plaintiff's bank account that resulted in an overdraft charge and substantial stress.

b. Defendants violated 15 U.S.C. § 1692c by calling before 8 a.m. or after 9 a.m.

c. Defendants violated 15 U.S.C. § 1692e(5) by threatening to withdraw funds that they were not authorized to withdraw as withdrawing funds without authorization is not lawful.

d. Defendants violated 15 U.S.C. § 1692e(10) by attempting to withdraw funds that they were not authorized to withdraw. On information and belief, Defendant's presented their withdrawals as authorized. This is false and is a violation.

e. Defendants violated 15 U.S.C. § 1692e(10) by telling Plaintiff that she agreed to the payments when she did not.

f. Defendants violated 15 U.S.C. § 1692e and 1692e(10) as their letters are deceptive as they can be reasonably be read that the Plaintiff made an agreement on the date listed to have Plaintiff's account debited. By not informing Plaintiff of the date the alleged agreement was made, Defendant can deceive consumers.

g. Defendants violated 15 U.S.C. § 1692e by sending out false confirmation letters to the Plaintiff in English, while Plaintiff's discussions with Defendants, and Plaintiff's other communications (i.e. statements) were in Spanish.

h. Defendants violated 15 U.SC. § 1692f as it is unfair and unconscionable to attempt to withdraw funds from a person's bank account without authorization, which the Defendant did not have.

i. Defendants continually violated 15 U.S.C. § 1692f(3) by not notifying Plaintiff of the impending withdrawal between three and ten business days prior to Defendant's deposit of the withdrawal instrument.

7

FIRST AMENDED COMPLAINT

j. Defendant's violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by mixing the payment methods of creating a draft check and an electronic funds transfer. Upon information and belief, the mixture of these payment methods was done to avoid consumer protection requirements found in the EFTA. It is oppressive to the rights of consumers and the mixture of payment types, found in different letters, is confusing and deceptive to consumers.

45. Defendant's actions were willful and intentional.

46. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION

### Violations of the Electronic Funds Transfer Act U.S.C., 15 U.S.C. § 1693, against all Defendants

47. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 46 above.

48. Defendants are a "person" subject to liability under § 1963m of the EFTA.

49. Defendants violated the ETFA by attempting unauthorized withdrawals from Plaintiff's checking account beginning in October 2010 and continuing till September 2011.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Damages in an amount to be determined at trial;

2. Statutory damages in an amount of $1,000.00 for violations of the Rosenthal Fair Debt Collection Practices Act in accordance with California Civil Code section 1788.30(b) against each liable defendant;

3. Statutory damages in an amount of $1,000.00 for violations of the Electronic Fund Transfer Act pursuant to 15 U.S.C. 1693(m)(a)(2)(A);

4. Interest, if applicable;

8

FIRST AMENDED COMPLAINT

5. Attorney's fees;

6. Costs; and,

7. Any other and further relief that the court considers proper.

Dated: October 25, 2012

Respectfully submitted,

By _____
Samuel Henderson
*Attorney for Plaintiff*
Genovieve Reyna

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY AND ZIP CODE: Vista, CA 92081 | |
| BRANCH NAME: North County | |
| TELEPHONE NUMBER: (760) 201-8030 | |

| PLAINTIFF(S) / PETITIONER(S): Genovieve Reyna |
|---|
| DEFENDANT(S) / RESPONDENT(S): Citicorp Credit Services, Inc. |

| REYNA VS. CITICORP CREDIT SERVICES, INC. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2012-00057004-CL-BT-NC |

Judge: Thomas P. Nugent                                                Department: N-30

**COMPLAINT/PETITION FILED:** 09/11/2012

**ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW,
EXCEPT FOR PARKING CITATION APPEALS**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)



# Superior Court of California
# County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 90 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00057004-CL-BT-NC          CASE TITLE: Reyna vs. Citicorp Credit Services, Inc.

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY, STATE, & ZIP CODE: Vista, CA 92081-6695<br>BRANCH NAME: North County | FOR COURT USE ONLY |
| PLAINTIFF(S): Genovieve Reyna | |
| DEFENDANT(S): Citicorp Credit Services, Inc. | |
| SHORT TITLE: REYNA VS. CITICORP CREDIT SERVICES, INC. | |
| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2012-00057004-CL-BT-NC |

Judge: Thomas P. Nugent                    Department: N-30

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                            Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 09/11/2012                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)         **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Samuel Henderson (SBN 279717)<br>Henderson Consumer Law<br>2182 El Camino Real Suite 202<br>Oceanside, CA 92054<br>TELEPHONE NO.: (760) 575-4594    FAX NO.: (760) 688-3732<br>ATTORNEY FOR (Name): Genovieve Reyna | FILED<br>NORTH COUNTY DIV.<br>2012 SEP 11  AM 10: 59<br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS: 325 S. Melrose Dr
CITY AND ZIP CODE: Vista 92081
BRANCH NAME: North County Division

CASE NAME:
Genovieve Reyna v. CitiCorp Credit Services, Inc

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2012-00057004-CL-BT-NC |
|---|---|---|---|
| ☐ Unlimited<br>(Amount demanded exceeds $25,000) | ☑ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☑ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 4: RFDCPA, EFTA violations
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/10/12

Samuel Henderson
(TYPE OR PRINT NAME)                           ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov